UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROY K. COLLINS,

    Petitioner,

v.                                                          Case No. 11-C-0620

MICHAEL MEISNER, Warden,
Columbia Correctional Institution,

    Respondent.

## DECISION AND ORDER ON HABEAS CORPUS PETITION

### I. PROCEDURAL BACKGROUND

On June 27, 2011, the petitioner, Roy K. Collins ("Collins"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to his petition and the documents accompanying his petition, on May 25, 2007, Collins was convicted, upon a guilty plea, of felony murder (armed robbery) as a party to the crime, in violation of Wis. Stat. §§ 940.03 (amended Apr. 21, 2006) and 939.05. (Pet. at 2, 16, ECF No. 1.) The trial court imposed a thirty-year sentence, comprised of twenty-one years of initial confinement followed by nine years of extended supervision. (Pet. at 16, ECF No. 1.)

Collins appealed his conviction. On appeal, Collins's court-appointed appellate counsel filed and served a no-merit report pursuant to *Anders v. California*, 386 U.S. 738 (1967) and Wis. Stat. § 809.32(1). (Pet. at 15, ECF No. 1.) On September 19, 2008, the Wisconsin Court of Appeals affirmed Collins's conviction. (Pet. at 17, ECF No. 1.) On January 13, 2009, the Wisconsin Supreme Court denied Collins's petition for review. (Pet. at 18, ECF No. 1.)

On March 4, 2009, Collins filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06. (Pet. at 19, ECF No. 1.) That motion was denied by the trial court on March 10, 2009. (Pet. at 19, ECF No. 1.) On April 27, 2010, the Wisconsin Court of Appeals affirmed the trial court's order. (Dec. at 1, ECF No. 10-13.) On May 28, 2010, the Wisconsin Supreme Court denied Collins's petition for review. (Order at 1, ECF No. 10-15.)

As previously stated, Collins filed his federal habeas corpus petition on June 27, 2011. After reviewing the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this court issued a scheduling order calling for the respondent to file his answer by a date certain, followed by the parties' filing briefs in support of their respective positions on Collins's various claims. (Rule 4 Order, ECF No. 9.) That briefing is now complete and Collins's claims are ready to be resolved. For the reasons that follow, the claims set forth in Collins's petition for a writ of habeas corpus will be denied and his petition will be dismissed.

## II. STANDARD OF REVIEW

Federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir.1997); *see also Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1370 (7th Cir.1994) (en banc) ("[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law.").

The federal courts may not grant habeas relief under Section 2254 unless the state court's judgment "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

2

presented in the State court proceeding." 28 U.S.C. § 2254(d). "A rule is 'clearly established' only if it is compelled by existing Supreme Court precedent." *Henry v. Page*, 223 F.3d 477, 480 (7th Cir. 2000). A state court decision results in an "unreasonable application" of clearly established federal law when that court either (1) "identifies the correct governing legal rule from [Supreme Court precedent] but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams v. Taylor*, 529 U.S. 362, 407 (2000) (O'Connor, J., concurring); *see also Harris v. Cotton*, 365 F.3d 552, 555 (7th Cir. 2004). Issues of fact found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Williams v. Parke*, 133 F.3d 971, 973 (7th Cir. 1997).

Before a federal court may review the merits of a habeas petition, a petitioner must: (1) exhaust all remedies available in state courts; and (2) fairly present any federal claims in state court first, or risk procedural default. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) ("Failure to exhaust available state court remedies constitutes a procedural default."); *see also Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996) (same). "The habeas petitioner must present his federal constitutional claims initially to the state courts in order to give the state 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir.1997) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). This means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The petitioner must have fairly presented his claim to all levels of the state judiciary. *Lockheart v.*

3

*Hulick*, 443 F.3d 927, 929 (7th Cir. 2006). This includes presenting a petition for discretionary review to the highest state court, if that option is available to a petitioner. *See Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007).

A petitioner has exhausted his state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985).

The procedural default hurdle forbids the federal courts from addressing claims that were not fairly presented to the state court. *Jones v. Washington*, 15 F.3d 671, 675 (7th Cir. 1994). Procedural default occurs either when a state court has declined to address a federal claim because the petitioner failed to satisfy an independent state procedural requirement, *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991), *abrogated on other grounds by Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 1315 (2012), or when the petitioner fails to present a claim to the state courts at the time, and in the way, required by the state. *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996). "If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted." *Guest,* 474 F.3d at 930.

Under the doctrine of procedural default, a federal habeas court will not review defaulted claims unless the petitioner demonstrates either (1) cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or (2) that failure to consider the claims would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The petitioner bears the burden of establishing that his procedural default is excused by one of these two exceptions. *See McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991).

To satisfy the cause and prejudice standard, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The petitioner must also show that the errors of which he complains "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494 (Stevens, J., concurring) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). To demonstrate that a fundamental miscarriage of justice would result from a refusal to consider the defaulted claims, the petitioner is required to show that he is "actually innocent." *See Bousley v. United States*, 523 U.S. 614, 623 (1998). With the foregoing in mind, the court turns to the petitioner's claims.

### III. DISCUSSION

The court of appeals' September 19, 2008 order summarily affirming Collins's conviction reads, in pertinent part, as follows:

> Roy K. Collins appeals from a corrected judgment of conviction for felony murder. The state public defender appointed George M. Tauscheck as Collins's postconviction and appellate counsel. Attorney Tauscheck filed a served a no-merit report pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and WIS. STAT. RULE 809.32(1) (2005-06). Collins responded to the report, prompting Attorney Tauscheck to file a supplemental report. After an independent review of the record as mandated by ***Anders***, this court concludes that further proceedings would lack arguable merit.
>
> Collins pled guilty to felony murder (armed robbery) as a party to the crime, in violation of WIS. STAT. §§ 940.03 (amended Apr. 21, 2006) and 939.05. The trial court imposed a thirty-year sentence, comprised of twenty-one- and nine-year respective periods of initial confinement and extended supervision.
>
> In the no-merit report, appellate counsel addressed the validity of Collins's guilty plea, and the trial court's exercise of sentencing discretion. In response, Collins addresses these two issues, claiming principally that the State breached the plea bargain. In the supplemental report, appellate counsel addresses Collins's contention that the State breached the plea bargain, explaining that the prosecutor complied with the plea bargain, although the trial court exceeded the State's sentencing recommendation. Appellate

counsel shows that the record belies the claim of breach, and explains that Collins was repeatedly warned that the trial court was not bound by the plea bargain. This court agrees with appellate counsel's description and analysis of these potential issues, and independently concludes that pursuing them would lack arguable merit.

Upon our independent review of the record as mandated by *Anders*, this court concludes that there are no other potentially meritorious issues, and that further proceedings would lack arguable merit. Accordingly, this court affirms the corrected judgment of conviction, and relieves Attorney Tauscheck from further representing Collins in this matter. *See* WIS. STAT. RULE 809.32(3).

(Opinion at 1–2, ECF No. 10-6.)

Thereafter, to wit, on March 4, 2009, and after the supreme court denied his petition for review of the court of appeals' decision, Collins filed a postconviction motion. (Mot., ECF No. 10-9.) That motion was denied by the trial court. (Dec. and Order, ECF No. 10-10.) In turn, the court of appeals affirmed the trial court's order. (Dec. at ¶ 15, ECF No. 10-13.) The court of appeals held that Collins's postconviction motion was "procedurally barred because Collins [had] fail[ed] to allege a sufficient reason for not previously raising issues or for renewing previously decided issues, as required by ***State v. Escalona-Naranjo***, 185 Wis. 2d 168, 181-82, 517 N.W.2d 157 (1994) and ***State v. Tillman***, 2005 WI App 71, ¶¶ 25-27, 281 Wis. 2d 157, 696 N.W.2d 574." (Dec. ¶ 1, ECF No. 10-13.) The court of appeals' decision reads, in pertinent part, as follows:

Collins, along with two co-actors, committed a robbery-homicide in which Jermaine Page was robbed and Ezra Coleman was shot and killed. Collins fled to Tennessee but was ultimately apprehended. Pursuant to a plea agreement, Collins pled guilty to one count of felony murder as a party to the crime, and one count of being a felon in possession of a weapon was dismissed. He was given a bifurcated sentence of thirty years, comprised of twenty-one years of initial confinement and nine years of extended supervision.

Following his conviction and sentencing, Collins sought a direct appeal and was appointed postconviction counsel. . . . Postconviction counsel identified two issues that might arguably support an appeal but subsequently concluded that the claims lacked merit and filed a no-merit report to that effect. The identified issues were: (1) whether the plea

6

was entered knowingly, voluntarily and intelligently; and (2) whether the trial court erroneously exercised its sentencing discretion. Collins filed a response to the no-merit report, raising an additional issue: whether the plea agreement was breached at sentencing.[FN2] Postconviction counsel then filed a supplemental no-merit report discussing the alleged breach of the plea agreement. This court affirmed Collins's conviction, citing our agreement with postconviction counsel's description and analysis of the issues and independently concluding that pursuing those issues would lack arguable merit. . . . On January 13, 2009, the Wisconsin Supreme Court denied Collins's petition for review.

> FN2. Collins also briefly responded to the no-merit report's discussion of the severity of his sentence, asserting that the issue was moot because the trial court should first address the merits of Collins's assertion that the State breached the plea agreement

In March 2009, Collins filed the *pro se* motion for postconviction relief that is the subject of this appeal. The motion sought relief on grounds that postconviction counsel was ineffective for not arguing that: (1) the guilty plea was not knowingly, voluntarily and intelligently entered; (2) the trial court erroneously exercised its sentencing discretion; (3) there was insufficient evidence to sustain Collins's conviction; and (4) trial counsel was ineffective because he failed to file and pursue suppression motions, seek relevant discovery material and seek dismissal of the criminal complaint. The circuit court denied the motion on grounds that it was procedurally barred under ***Escalona*** and ***Tillman***. *See Escalona*, 185 Wis. 2d at 181-82 (postconviction claims that could have been raised in prior postconviction or appellate proceedings are barred absent defendant articulating a sufficient reason for failing to raise the claims in the earlier proceeding); *Tillman*, 281 Wis. 2d 157, ¶19 (no-merit procedure precludes successive postconviction motions raising the same or other issues absent the defendant demonstrating a sufficient reason for failing to raise those issues through counsel or in a no-merit report response). This appeal follows.

## DISCUSSION

On appeal, Collins presents essentially the same arguments he made in his postconviction motion. At the outset, we reject Collins's arguments that his guilty plea was not knowingly, voluntarily and intelligently entered and that the trial court erroneously exercised its sentencing discretion. Those two issues were discussed in the no-merit reports and were considered on their merits by this court on direct appeal. Collins cannot relitigate those issues again. . . .

The remaining issues (concerning sufficiency of the evidence and trial counsel ineffectiveness) were not raised in the no-merit report, in Collins's response to the no-merit report or by this court after we conducted our independent review. To overcome

7

the *Escalona* bar to successive postconviction and appellate proceedings, a defendant must articulate a sufficient reason for having failed to raise the issue or issues in the earlier postconviction or appellate proceedings. The ineffective assistance of postconviction counsel can be a sufficient reason to avoid *Escalona*'s procedural bar.

. . . .

In this case, Collins asserts that the reason he failed to raise additional issues on direct appeal was postconviction counsel ineffectiveness. However, Collins has not convinced us that either postconviction counsel or this court missed an issue of potential merit relative to the two new issues Collins raises: sufficiency of the evidence to sustain his conviction and ineffective assistance of trial counsel.

Collins argues that he had "a very viable [and] meritorious claim of insufficient evidence" and that his postconviction counsel performed deficiently by failing to raise that issue on appeal. He points to evidence that bullets from two different guns were found in the victim and conflicting reports as to whether Collins fired two bullets. We reject Collins's argument. A valid guilty plea forfeits all jurisdictional defects and defenses. Thus, when Collins chose to plead guilty, he forfeited his right to challenge discrepancies in the evidence against him. Moreover, at the plea hearing and at sentencing, Collins admitted that he participated in the robbery that led to the shooting death of Coleman. The fact that Collins may not have been the only defendant to fire shots at Coleman does not negate the evidence supporting Collins's conviction. Even if he had fired no shots, he would still be culpable for felony-murder as a party to the crime because he directly participated in the robbery that led to the fatal shooting. For these reasons, there was no basis for postconviction counsel to challenge the sufficiency of the evidence.

Next, Collins argues that postconviction counsel should have alleged that trial counsel was ineffective for failing to file and pursue suppression motions, seek discovery material, and seek dismissal of the criminal complaint. Trial counsel was ineffective only if his performance was deficient and that deficient performance prejudiced Collins's defense. To prove deficient performance, it must be shown that trial counsel's specific "acts or omissions were outside the wide range of professionally competent assistance." To prove prejudice, it must be proven that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Collins argues that his trial counsel failed to file adequate motions to suppress both his statements to police and eyewitness identification statements. However, Collins does not explain in his motion why his statements or the eyewitness statements should have been suppressed or on what merits the suppression motions would have prevailed. Thus, he has failed to establish that he was prejudiced by trial counsel's alleged failure

8

to file additional or more sufficient motions.

Next, Collins claims that his trial counsel was ineffective because he failed to seek relevant discovery materials. In his postconviction motion, Collins alleged that trial counsel did not seek out a ballistics report that indicated Collins was not the sole shooter. However, Collins's motion then proceeded to acknowledge that the ballistics report was provided to trial counsel on March 8, 2007. Collins asserted that trial counsel should have sought "additional time" (presumably to consider the report) instead of indicating that Collins would proceed with the guilty plea. We reject Collins's arguments. The record demonstrates that both Collins and trial counsel were aware of the information in the ballistics report prior to Collins's guilty plea. In January 2007, Collins was told by officers following his extradition from Tennessee that there was a ballistics test that indicated two different bullets. In March 2007, trial counsel was in possession of the ballistics document that indicated two different caliber bullets were removed from Coleman's body. Collins's undisputed knowledge of this information prior to his guilty plea belies his self-serving assertion that he would not have pled guilty in April 2007 if trial counsel had performed differently. Further, we reject his suggestion that he would not have been found guilty of felony murder if the ballistics information had been made known. As we have explained, it is of no consequence whether Collins was the sole shooter, or a shooter at all, because he was charged as a party to the crime.

Finally, Collins claims that his trial counsel was ineffective because he failed to seek dismissal of the criminal complaint. Collins points to contradictory evidence given by his co-actor that Collins was the sole shooter. Collins suggests that because the ballistics report seems to contradict a witness's statement, the complaint should be dismissed. However, Collins does not cite to any legal authority supporting that proposition and he has not fully developed his argument. We decline to address it further, except to note that to the extent Collins is again challenging the sufficiency of the evidence against him, he forfeited that argument when he pled guilty.

For the foregoing reasons, we are unconvinced that either postconviction counsel or this court missed an issue of potential merit relative to the sufficiency of the evidence or trial counsel's performance. We are confident that the no-merit procedures were followed in this case and we have a "sufficient degree of confidence warranting the application of the procedural bar under the particular facts and circumstances of the case."

(Dec., ¶¶ 2-7, 9-15, ECF No. 10-13) (internal citations omitted).

In his federal habeas petition, Collins sets forth three claims: (1) ineffectiveness of trial counsel for (a) "fail[ing] to seek relevant discovery material", (b) "fail[ing] to provide Collins with this information before pleading guilty" and (c) "fail[ing] to seek dismissal of the criminal complaint"; (2)

9

his "guilty plea was not entered knowingly, voluntarily and intelligently;" and (3) there was "[i]nsufficient evidence to sustain conviction." (Pet. at 14, ECF No. 1.)

The respondent argues that at least part of Collins's ineffective assistance of counsel claim has been procedurally defaulted because he did not present it to the state courts. (Resp't's Br. at 11, ECF No. 15.) More precisely, the respondent argues that Collins presents for the first time in his brief

> a new claim based on a different factual predicate: He asserts that inconsistencies in statements in the police reports call into question whether he was involved in the robbery at all. He focuses for the first time on statements by Jermaine Page, one of the robbery victims who identified Collins as one of the robbers from a photo lineup, that he believes to be inconsistent and thus unreliable. He also focuses on statements by his co-actor, Demarco Rankins, that he believes to be inconsistent with statements by Page and other witnesses.

(Resp't's Br. at 11, ECF No. 15.)

In his reply brief, Collins argues that he did not procedurally default this aspect of his ineffectiveness of counsel claim. He asserts:

> The court of appeals, however, addressed this very claim in its April 27, 2010 decision when it stated that after counsel received the new reports "he should have sought additional time (presumably to consider the report)." (See April 27, 2010 Court of Appeals decision, ¶ 7) Collins contends that, liberally construed, his attorney needing additional time means to evaluate the new reports along with the existing reports. Thus, since the court of appeals addressed this issue this is not the first time that Collins is raising the issue.

Even assuming, as argued by Collins, that he did not procedurally default any aspect of his ineffectiveness of counsel claim, that would do Collins no good. In order for Collins to be granted federal habeas corpus relief on such claim, he must demonstrate that state court's judgment "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

10

proceeding." 28 U.S.C. § 2254(d). Simply stated, he has not done so.

To be sure, Collins disagrees with the state court's decision. But the state court set forth correctly the constitutional standard to be applied in assessing the merits of Collins's ineffectiveness of counsel claim. And Collins has not directed this court to any decision of the United States Supreme Court which the state court's decision in his case was either contrary to or an unreasonable application thereof. In the end, the Wisconsin Court of Appeals' finding that Collins's trial counsel was neither constitutionally ineffective nor that Collins's was prejudiced by his trial counsel's actions was not unreasonable. Thus, to the extent that Collins's habeas petition is predicated on a claim of ineffectiveness of counsel, it will be denied.

Collins's second claim is that his guilty plea was not knowingly, voluntarily and intelligently entered. Once again, however, he has failed to demonstrate that the state court's judgment with respect to such issue "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). And this court cannot find that the court of appeals' decision on this issue was either an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

First of all, the court of appeals relied upon the correct constitutional standard when assessing Collins's guilty plea claim. More particularly, counsel in the no-merit report (upon which the court's decision was based) stated that "[t]o show that a plea is not valid, the defendant must show that it was not made knowingly, intelligently, and voluntarily. *State v. Bangert,* 131 Wis. 2d 246, 257, 389 N.W.2d

11

12 (1986)." (No-Merit Report at 4, ECF No. 10-3.) *Bangert* was based in part on the United States Supreme Court's decisions in *Boykin v. Alabama*, 395 U.S. 238 (1969) and *Brady v. United States*, 397 U.S. 742 (1970). *See Bangert*, 131 Wis. 2d at 255-57, 389 N.W.2d at 18-19. Thus, the court of appeals identified the correct constitutional standard to apply in making its decision on the validity of Collins's guilty plea.

And the decision of the court of appeals cannot be found to be an unreasonable application of such law; nor can it be found to be based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The no-merit report indicates that Collins completed a guilty plea questionnaire and addendum. The questionnaire set forth the crime, the penalties, and the rights that Collins was waiving. Collins agreed that he had read and understood the questionnaire. (No-Merit Report at 4-5, ECF No. 10-3.) Moreover, the record of the proceedings demonstrates that Collins knew what he was doing when he entered his plea. (Transcript at 2-7, ECF No. 10-3.)

> THE COURT: And have you read the complaint or had it read to you?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: So you understand what you're being charged with?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you understand by pleading guilty to the offense you will be waiving a number of Constitutional Rights that are contained in the Guilty Plea Questionnaire and Waiver of Rights Form that you signed?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You're going to be waiving your right to a trial by jury where all twelve jurors must agree unanimously as to a verdict, your right to use subpoenas to require witnesses to come to court to testify for yourself, your right to testify and present

evidence at a trial, your right to confront in court the people who would testify against yourself and cross-examine them, and also the fact that the State would have to prove you guilty beyond a reasonable doubt as to every single element of the offense.

Have you gone over the elements of the offense with your lawyer and how they relate to the facts in the case that on November 9th, 2006, on North 25th Street in the City of Milwaukee, you did cause the death of Ezra Coleman, another human being, while committing the crime of armed robbery, in which you were a party to a crime; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Was he party to a crime?

MR. JOHNSON: Yes.

THE COURT: And you understand that concept, party to a crime?

THE DEFENDANT: Yes, sir.

THE COURT: And you discussed that with your lawyer?

THE DEFENDANT: Excuse me?

THE COURT: You discussed that with your lawyer, right?

THE DEFENDANT: Yes, sir.

THE COURT: Party to a crime?

THE DEFENDANT: Yes, sir.

THE COURT: And that you, with the intent to steal, by threat or use of a dangerous weapon, did take property from the person of Jermaine Page by threatening the use of force against the person of Jermaine Page, with the intent to compel that owner to acquiesce in the taking and carrying away of the property contrary to Wisconsin Statutes, and it was in the process of this taking or carrying away that this homicide was committed; so you understand that?

(No response.)

THE COURT: Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And you've discussed that all with your lawyer; is that right?

THE DEFENDANT: Yes, sir.

THE COURT: You will be waiving any possible defenses that you may have to the offense charged in the criminal complaint such as alibi, intoxication, any type of self-defense, insanity, your right to challenge the sufficiency of the criminal complaint, your right to challenge the constitutionality of any of the police actions such as the police stop, arrest, search, seizure, taking of statements from yourself, or having witnesses identify you, any identification issues; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And do you also understand if you're not a citizen of the United States your guilty plea could result in deportation, exclusion of admission, or the denial of naturalization; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And is there anything that you do not understand about pleading guilty to felony murder?

THE DEFENDANT: No, I understand.

THE COURT: Everything is understood.

Have you gone over the elements of the offense, and you do understand what the State would have to prove to find you guilty beyond a reasonable doubt as to each and every single one of those elements, right?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand the concept of party to a crime, and have you discussed that with your lawyer also?

THE DEFENDANT: Yes, sir.

THE COURT: Nobody has made any promises or threats to you to get you to plead to felony murder.

THE DEFENDANT: No, sir.

14

THE COURT: And, Counsel, you're satisfied the defendant's freely, voluntarily, and knowing [sic] waiving those Constitutional Rights?

MR. JOHNSON: Yes.

MR. HUMBLE: Judge, if I could add one thing with regard to the elements.

THE COURT: Go ahead.

MR. HUMBLE: Judge, because two names have been mentioned in the criminal complaint, it discusses the robbery of Jermaine Page, who was one of the individuals present along with Mr. Coleman, Mr. Coleman was obviously the individual who ended up dying as a result of this incident, but the armed robbery was against, as alleged in the complaint, Jermaine Page for the articles taken, and I wanted to make that distinction for the Court and the defendant.

THE COURT: Okay.

MR. JOHNSON: Okay.

THE COURT: And what did you say your plea was to felony murder?

THE DEFENDANT: Guilty.

(Transcript at 2-7, ECF No. 10-3.)

Collins now argues that he did not understand the concept of "party to a crime." But the record of the plea inquiry would indicate otherwise. Even more importantly for this federal habeas proceeding, in ruling that his plea was knowingly, intelligently and voluntarily made, the state court was also making a factual finding that Collins did understand the concept of party to a crime. To reiterate, issues of fact found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The best that Collins presents to overcome this presumption of correctness is the following assertion in his reply brief:

> It is unreasonable to assume that Collins had knowledge of the legal definition of (not what he believed to be) party to a crime without anything in the record showing that Collins was knowledgeable of the elements thereof. Because Collins was not made aware of the legal definition of party to a crime, he pled guilty to the charges under the false belief that simply knowing the suspects means that he is guilty by association, and not because he was an active participant or had knowledge that the crimes were going to be permitted [sic].

(Reply Br. at 1-2, ECF No. 17.)

Such a bald, self-serving assertion falls woefully short of constituting clear and convincing evidence that the state court's factual finding that Collins was advised of, and understood the concept of, party to the crime was incorrect.

Thus, to the extent that Collins's petition is predicated on the claim that his plea was not entered knowingly, intelligently and voluntarily, his petition will be denied.

Collins's final claim is that there was insufficient evidence to convict him of felony murder. Federal habeas relief can be granted to a state prisoner on such a claim if the prisoner shows that no rational trier of fact, viewing the evidence in the light most favorable to the prosecution, "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). But by pleading guilty, Collins waived his right to challenge the sufficiency of the evidence against him.

In *Tollett v. Henderson*, 411 U.S. 258 (1973), the Court stated:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense[s] with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.

411 U.S. at 267.

Similarly, in *United States v. Broce*, 488 U.S. 563 (1989), the Court stated:

16

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

488 U.S. at 569.

To be sure, the Court in *Broce* noted that "[t]here are exceptions [to the above rule] where on the face of the record the court had no power to enter the conviction or impose the sentence." *Id*. But such exceptions are not applicable to the case at bar.

Such being the case, Collins cannot challenge his guilty-plea-based state court judgment of conviction by way of federal habeas corpus, unless he can show that his guilty plea should be set aside. And, for the reasons explained above, he has failed to show that his plea of guilty should be set aside because (according to Collins) it was not entered knowingly, voluntarily and intelligently. Thus, to the extent that Collins's habeas corpus petition is predicated on the claim that there was insufficient evidence to support his conviction, his petition will be denied.

In conclusion, and for all of the foregoing reasons, Collins's petition for a writ of habeas corpus will be denied.

## IV. CERTIFICATE OF APPEALABILITY

There is one final matter to address. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part, as follows:

> a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court

of appeals under Federal Rule of Appellate Procedure 22.

Under 28 U.S.C. § 2253(c), a district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court of appeals has held that this standard differs only in scope from the certificate of probable cause standard that was previously developed and applied by the courts. *See Herrera v. United States*, 96 F.3d 1010, 1012 (7th Cir. 1996). The *Herrera* court said that "a certificate of probable cause places the *case* before the court of appeals, but a certificate of appealability must identify each *issue* meeting the 'substantial showing' standard." *Id*. (emphasis added). Thus, for the court to issue a certificate of appealability to Collins, it must identify for the court of appeals the issues that are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (emphasis added) (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)). This test was reiterated in *Miller-El v. Cockrell*, 537 U.S. 322 (2003), *rev'd on other grounds, Miller-El v. Dretke*, 545 U.S. 231 (2005).

> Consistent with our prior precedent and the text of the habeas corpus statute, we reiterate that a prisoner seeking a COA need only demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

*Id.* at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In my opinion, and for the reasons set forth in this decision denying Collins's habeas corpus petition, none of Collins's claims warrants a certificate of appealability. Put simply, the petitioner has not demonstrated "a substantial showing of the denial of a constitutional right" by demonstrating either

18

that jurists of reason could disagree with this court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Consequently, the court will deny Collins a certificate of appealability. Of course, Collins retains the right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

**NOW THEREFORE IT IS ORDERED** that Collins's claims for federal habeas corpus relief be and hereby are **DENIED**;

**IT IS FURTHER ORDERED** that Collins's petition for a writ of habeas corpus be and hereby is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**SO ORDERED** this 9th day of July 2012, at Milwaukee, Wisconsin.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge